IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| HEALTH ALLIANCE PLAN OF MICHIGAN, HAP PREFERRED, INCORPORATED, and ALLIANCE HEALTH AND LIFE INSURANCE COMPANY, | ) ) ) ) ) | Case No: 2:14-cv-13788-LPZ-MJH |
| | ) | Hon. Lawrence P. Zatkoff |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| BLUE CROSS BLUE SHIELD OF MICHIGAN MUTUAL INSURANCE COMPANY, a Michigan mutual insurance company, | ) ) ) ) ) | |
| Defendant. | ) ) ) | |

**DEFENDANT BLUE CROSS BLUE SHIELD OF MICHIGAN'S MOTION
TO STAY ALL PROCEEDINGS PENDING A RULING ON ITS MOTION
TO DISQUALIFY PLAINTIFFS' COUNSEL**

Robert A. Phillips (P58496)
BLUE CROSS BLUE SHIELD OF
MICHIGAN
600 Lafayette East, MC 1925
Detroit, MI 48226
313-225-0536
rphillips@bcbsm.com

Todd M. Stenerson (P51953)
D. Bruce Hoffman
(Adm. E.D. MI, DC Bar 495385)
Neil K. Gilman
(Adm. E.D. MI, DC Bar 449226)
Jonathan H. Lasken
(Adm. E.D. MI, DC Bar 997251)
HUNTON & WILLIAMS LLP
2200 Pennsylvania Ave., NW
Washington, DC 20037
202-955-1500
tstenerson@hunton.com

Defendant Blue Cross Blue Shield of Michigan ("BCBSM"), by its undersigned counsel, submits this Motion to Stay All Proceedings Pending a Ruling on its Motion to Disqualify Plaintiffs' Counsel.  In support of its motion, BCBSM relies upon the authorities and arguments set forth in the incorporated brief.

As required by Local Rule 7.1(a)(2)(A), BCBSM's counsel conferred with attorneys for Plaintiffs entitled to be heard on this Motion.  BCBSM explained the nature and legal basis of the motion and requested, but did not obtain, concurrence in the relief sought.

Respectfully submitted,

HUNTON & WILLIAMS LLP

By:  /s/Todd M. Stenerson
Todd M. Stenerson
220 Pennsylvania Ave, N.W.
Washington, D.C. 20037
(202) 955-1500
tstenerson@hunton.com
*Attorney for Defendant*

October 23, 2014

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| HEALTH ALLIANCE PLAN OF MICHIGAN, HAP PREFERRED, INCORPORATED, and ALLIANCE HEALTH AND LIFE INSURANCE COMPANY, | ) ) ) ) ) | Case No: 2:14-cv-13788-LPZ-MJH |
| | ) | Hon. Lawrence P. Zatkoff |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| BLUE CROSS BLUE SHIELD OF MICHIGAN MUTUAL INSURANCE COMPANY, a Michigan mutual insurance company, | ) ) ) ) ) | |
| Defendant. | ) ) ) | |

**DEFENDANT BLUE CROSS BLUE SHIELD OF MICHIGAN'S BRIEF IN SUPPORT OF ITS MOTION TO STAY ALL PROCEEDINGS PENDING A RULING ON ITS MOTION TO DISQUALIFY PLAINTIFFS' COUNSEL**

Robert A. Phillips (P58496)
BLUE CROSS BLUE SHIELD OF
MICHIGAN
600 Lafayette East, MC 1925
Detroit, MI  48226
313-225-0536
rphillips@bcbsm.com

Todd M. Stenerson (P51953)
D. Bruce Hoffman
(Adm. E.D. MI, DC Bar 495385)
Neil K. Gilman
(Adm. E.D. MI, DC Bar 449226)
Jonathan H. Lasken
(Adm. E.D. MI, DC Bar 997251)
HUNTON & WILLIAMS LLP
2200 Pennsylvania Ave., NW
Washington, DC  20037
202-955-1500
tstenerson@hunton.com

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

A stay is proper because a district court may not decide a dispositive motion, or make any other rulings affecting the proceedings in a case, until it decides a pending disqualification motion. *Bowers v. The Ophthalmology Group*, 733 F.3d 647, 654 (6th Cir. 2013).

## ISSUE PRESENTED

Whether the Court should stay all proceedings pending the outcome of defendant's motion to disqualify plaintiffs' counsel pursuant to clearly established precedent holding that a district court may not make any rulings affecting the proceedings in the case until it decides a pending disqualification motion?

Defendant Answers: Yes.

Plaintiff Answers: No.

## INTRODUCTION

Blue Cross Blue Shield of Michigan ("BCBSM") respectfully moves for an Order staying all activities in this case until after the Court has decided BCBSM's contemporaneous motion to disqualify HAP's counsel, David Ettinger.[1]  As explained in that motion, Mr. Ettinger has an irreconcilable ethical conflict that threatens to undermine the integrity of this proceeding and compromise the fair administration of justice.  A stay is necessary to prevent the taint of Mr. Ettinger's ethical conflict from spreading throughout this proceeding while BCBSM's disqualification motion is pending.

## ARGUMENT

**I.     A Stay is Necessary Because the Court Must Decide the Disqualification Motion Before Any Other Motions to Ensure that the Proceedings Are Not Tainted by Mr. Ettinger's Ethical Conflict**

The Sixth Circuit has unequivocally held that a district court may not decide any dispositive motion, or make any other ruling affecting the proceedings in the case, until it decides a pending disqualification motion.  *Bowers v. The Ophthalmology Group*, 733 F.3d 647, 654 (6th Cir. 2013) (holding a "district court must rule on a motion for disqualification of counsel prior to ruling on a dispositive motion").  Such a rule is necessary "because the success of a disqualification motion has the potential to change the proceedings entirely."  *Id*. at

---

[1] Dkt. 14.

654.  It is therefore not practical for the Court and the parties to proceed with dispositive motions—including BCBSM's motion to dismiss—while there is a potential that HAP's strategy and allegations may change under the direction of new, unbiased counsel.[2]

The plain implication of the Sixth Circuit's rationale in *Bowers* is that a stay is required pending the Court's decision on a motion to disqualify.  "When counsel is disqualified, a court should not reach the other questions or motions presented to it through the disqualified counsel."  *Id*. at 654-55 (vacating the lower court's decision, while allowing new counsel "not subject to the possible taint of confidential information" to renew the motion).  This rationale extends directly to the motion to dismiss BCBSM plans to file in response to HAP's complaint and any initial discovery disputes that the parties may have because "[c]onflicts of interest, left unchecked, could taint an entire case and call into question the integrity of the attorney-client relationship."[3]

Simply put, the Court cannot entertain motions or other pleadings when a party's counsel is operating under an ethical cloud.  *See Living Cross Ambulance,*

---

[2] Although the *Bowers* court indicated that the rule was "especially important" in the context of a summary judgment motion (because "there is a risk that confidential information could be used in preparing or defending the motion"), the principle is equally applicable to a motion to dismiss.  *Id*. at n. 5.

[3] *Living Cross Ambulance Service, Inc. v. New Mexico Pub. Reg. Comm'n*, No. 34,366, 2014 WL 4401473, at *5 (N.M. Sept. 8, 2014) (citing *Bowers*, 733 F.3d at 654-55).

2

2014 WL 4401473, at *5 (holding, "once a party moves to disqualify an adverse party's counsel . . . all substantive proceedings must cease until the tribunal determines whether counsel is disqualified").  If it were to do so, any decisions made by that court would potentially have to be reconsidered after new pleadings are submitted by counsel unencumbered by an ethical conflict.  *Bowers* further illustrates that a stay makes sense as a matter of good case management and the preservation of party and judicial resources because a court "cannot know to what extent the disqualified counsel's conflict colored the pending motions."  *In re Woodruff*, 2014 WL 4258378 at *5 (N. Mar. I. Aug. 26, 2014) (citing *Bowers*, 733 F.3d at 649).  It is therefore "safest to give replacement counsel a chance" to make its own independent judgments about what arguments to make in support of or in opposition to any given motion.  *Id.*

Given the early stage of this case, HAP will not be prejudiced by a stay while the Court decides BCBSM's disqualification motion.  HAP filed its complaint—which was signed by Mr. Ettinger—on October 1, 2014.  The parties have not taken any further substantive action that would result in undue prejudice to HAP if its counsel is disqualified.  Absent a stay, however, Mr. Ettinger's involvement in the early stages of discovery and motion practice will result in an ethical cloud hanging over this case and potentially void any action the Court takes to resolve motions tainted by his influence.

3

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should stay all proceedings until twenty days after the appearance of HAP's replacement counsel or the Court denies the motion.

Respectfully submitted,

HUNTON & WILLIAMS LLP


By: /s/Todd M. Stenerson
Todd M. Stenerson
220 Pennsylvania Ave, N.W.
Washington, D.C. 20037
(202) 955-1500
tstenerson@hunton.com
*Attorney for Defendant*

October 23, 2014

4

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2014, I electronically filed the foregoing

paper with the Clerk of the Court using the ECF system, which will send

notification of such filling to all parties of record.

/s/Todd M. Stenerson
Todd M. Stenerson
220 Pennsylvania Ave, N.W.
Washington, D.C. 20037
(202) 955-1500
tstenerson@hunton.com
*Attorney for Defendant*

October 23, 2014